**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| DAVID DURAN, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:07-CV-243-Y |
| § | | (Consolidated with Civil Action |
| § | | No. 4:07-CV-244-A) |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996.

### B. Parties

Petitioner David Duran, TDCJ # 1195075, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. Factual and Procedural History

Duran is currently serving a life sentence for his 2003 conviction for aggravated sexual assault of a child in the 211th Judicial District Court of Denton County, Texas, Case No. F-2003-0427-C. *Ex parte Duran*, State Habeas Application No. 63,306-01, at 57. By way of this petition, Duran challenges two juvenile adjudications of delinquent conduct out of the 323rd District Court of Tarrant County, Texas, cause nos. 52605-J and 55860-J, in 1994 and 1995, respectively. (Petition at 2.) Duran indicates that he did not directly appeal the juvenile court judgments; thus the judgments became final under state law before the AEDPA was enacted. *See* TEX. R. APP. P. 26.1 (allowing thirty days from the date the judgment is signed to file notice of appeal). Duran has apparently filed two relevant state applications for writ of habeas corpus, one for each juvenile court judgment, which were dismissed by the Texas Court of Criminal Appeals on the basis that the applications involved juvenile matters. *See In re Duran*, State Habeas Application Nos. WR-63,306-03 & WR-63,306-04, *available at* http://www.cca.courts.state.tx. Duran filed his federal petitions on April 18, 2007. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing). As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which Duran has filed a reply.

D.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking state court judgments which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action.[1] *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Because the juvenile court judgments became final prior to the effective date of the AEDPA, Duran's federal petitions for habeas relief challenging the judgments were due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Duran's relevant state habeas applications filed after the federal limitations period had already expired did

---

[1]Although it is unclear, in his reply Duran appears to argue that subsection (C) or (D) applies to his case. (Pet'r Mem. of Law in Opposition at 2-5) However, he has failed to assert a right newly recognized by the Supreme Court and made retroactively applicable to his case on collateral review. Moreover, with due diligence, he could have discovered the basis for his claims at or near the time of the juvenile court proceedings. Thus, the operative date from which the limitation period is measured in this case is the date on which the juvenile judgments became final.

3

not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Duran asserted a valid reason for his failure to file his petitions in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Duran's federal petitions filed on April 18, 2007, were filed beyond the limitations period and are, therefore, untimely.

## II. RECOMMENDATION

Duran's petitions for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 18, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 18, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 27, 2007.

          /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

5